UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONG ZHUANG,<br><br>        Plaintiff,<br><br>v.<br><br>EMD PERFORMANCE MATERIALS CORP.,<br><br>        Defendant. | Civil Action No. 18-1432 (BRM)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

This matter comes before the Court upon *pro se* Plaintiff Hong Zhuang's ("Zhuang") motion seeking leave to file a Second Amended Complaint in order to add factual allegations to her Complaint and to assert new retaliation claims. (Docket Entry No. 41). Defendant EMD Performance Materials Corp. ("EMD") opposes Zhuang's motion. The Court has fully reviewed all arguments raised in favor of and in opposition to Zhuang's motion to amend her Complaint. The Court considers Zhuang's motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Zhuang's motion to amend is GRANTED.

**I.    Background and Procedural History**

This is an employment discrimination matter involving Zhuang's claims that she was harassed during her employment at EMD and unfairly terminated by the company on April 3, 2017. Zhuang filed her original Complaint against EMD on February 8, 2018. (Docket Entry No. 1). She amended that Complaint as of right on April 2, 2018 after EMD moved to dismiss her original Complaint. (*See* Docket Entry Nos. 7 & 11). The District Court terminated EMD's motion to dismiss Zhuang's Complaint, but allowed it to move to dismiss the Amended Complaint

by April 27, 2019.  *See* Order entered 4/13/2018; Docket Entry No. 12.  EMD moved to dismiss Zhuang's Amended Complaint on April 16, 2018.  (Docket Entry No. 13).  Zhuang simultaneously opposed EMD's motion to dismiss and filed a motion for a preliminary injunction.  (Docket Entry Nos. 14 & 15).  Zhuang also moved to strike EMD's opposition to her motion for a preliminary junction, arguing that EMD's opposition was late.  (Docket Entry No. 18).

The District Court addressed the above-referenced motions in its Opinion and Order dated August 10, 2018.  (Docket Entry Nos. 24 & 25).  Specifically, the District Court denied Zhuang's motion to strike as well has her motion for a preliminary injunction, and granted in part and denied in part EMD's motion to dismiss.  With respect to the motion to dismiss, the District Court denied EMD's request to dismiss: (1) Zhuang's federal claims for discrimination raised pursuant to the Americans with Disabilities Act ("ADA"), Age Discriminating in Employment Act of 1967 ("ADEA"), and Title VII of the civil Rights Act of 1964 ("Title VII"); (2) Zhuang's retaliation claims brought pursuant to the Family Medical Leave Act ("FMLA") and New Jersey Family Leave Act ("NJFLA"); and (3) Zhuang's associational discrimination claim brought under the New Jersey Law Against Discrimination ("NJLAD").  However, the District Court granted EMD's motion with respect to: (1) Zhuang's interference claim raised under the FMLA and NJFLA; (2) Zhuang's defamation claim; (3) Zhuang's NJLAD race discrimination claim; and (4) Zhuang's NLAD age discrimination claim.

After the District Court decided the aforementioned motions, EMD filed its Answer to Zhuang's Amended Complaint on August 24, 2018.  (Docket Entry No. 28).  On August 27, 2018, the Court entered an Order setting the initial scheduling conference for November 19, 2018.  (Docket Entry No. 29).  Five days before the conference was set to occur, Zhuang filed a motion to compel documents from EMD.  The Court addressed Zhuang's motion to compel at the

scheduling conference and denied same. The Court also set a case management schedule, which was memorialized in the Scheduling Order entered on November 20, 2018. (Docket Entry No. 38). In same, among other deadlines, the Court set January 25, 2019 as the deadline for any motions to amend the pleadings and/or join new parties. (*See Id.*)

Approximately one month after the Court entered its Scheduling Order, Zhuang contacted EMD seeking consent to her request to file a Second Amended Complaint. (*See* Plaintiff's Motion for Leave to File Second Amended Complaint at 1, Docket Entry No. 41; Plaintiff's Reply Br. at 9-10, Docket Entry No. 45). While EMD requested that Zhuang provide it with the reasons for her proposed amendment as well as an opportunity to review the amendments, after receiving same, it never indicated whether it would consent to Zhuang's proposed amendments. As a result, on January 25, 2019, Zhuang formally moved for leave to file a Second Amended Complaint.[1] (Docket Entry No. 41).

Through her motion to amend, Zhuang seeks to add retaliation claims pursuant to the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*, ("CEPA"), and *Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, 72 (1980). EMD opposes Zhuang's motion, arguing that it is procedurally deficient, in that it contains no brief as required by L.Civ.R. 7.1(d)(1). EMD also opposes the motion on substantive grounds, arguing that it should be denied because Zhuang unduly delayed in seeking to make her proposed amendments and because allowing her to amend now would unduly prejudice EMD.

---

[1] At Zhuang's request, the Court had extended the deadline for filing motions to amend the pleadings to February 8, 2019. (*See* Letter Order of 1/22/209 at 1; Docket Entry No. 40). Despite requesting the extension, Zhuang nevertheless filed her motion to amend by the January 25, 2019 deadline set in the Court's original Scheduling Order.

## II. Analysis

### A. Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Further, L.Civ.R. 7.1 addresses motion practice in the District of New Jersey. According to L.Civ.R. 7.1(d)(1):

> No application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgment of service on all parties, are filed with the Clerk at least 24 days prior to the noticed motion day. The brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page.

However, "[i]n lieu of filing any brief pursuant to L.Civ.R. 7.1(d)(1), (2), or (3), a party may file a statement that no brief is necessary and the reasons therefor." L.Civ.R. 7.1(d)(4).

### B. Discussion

It is undisputed that Zhuang included neither a brief nor a statement saying no brief was necessary as part of her moving papers. Zhuang's motion, therefore, fails to comply with the requirements set forth in L.Civ.R. 7.1. The Court, however, does not find that this procedural deficiency should result in the denial of Zhuang's request to amend. Zhuang is proceeding in this matter *pro se*. It is well settled that "[a] pro se plaintiff is 'entitled to a certain degree of leniency so as to ensure that her case is decided on its merits rather than a procedural technical[ity].'" *Okorie v. Salem County Correctional Facility*, Civil No. 12-1230 (JBS/AMD), 2012 WL 4611155,

at *2 (D.N.J. Oct. 2, 2012) (quoting *Pickney v. Sheraton Socy' Hill*, No. 93-5198, 1994 WL 37862, at *2 (E.D.Pa. July 15, 1994)); *see also Artis v. McCann*, No. CIV A. 11-3613 WJM, 2013 WL 2481251, at *3 (D.N.J. June 10, 2013) (noting that *pro se* litigants are "held to a more lenient standard than a licensed attorney" and, consequently, deeming contrary facts contained in plaintiff's Complaint and opposition to defendants' motion for summary judgment denials of Defendants' statement of facts). While Zhuang failed to include either a brief or a statement that no brief was necessary, she did identify the amendments she was looking to make and included a redlined proposed amended Complaint with her filing. The Court finds Zhuang's submission to be acceptable, particularly in light of her *pro se* status. As a result, the Court turns to the substance of her request to amend.

Through her motion, Zhuang seeks to add new retaliation claims under CEPA and *Pierce v. Ortho Pharmaceutical Corp.*, and assert new facts in support of her existing claims and the proposed new retaliation claims. EMD opposes Zhuang's request to amend on the ground that Zhuang unduly delayed in seeking to make her proposed amendments and on the ground EMD would be unduly prejudiced if Zhunag's proposed amendments are allowed now. No futility arguments have been raised. As a result, the Court focuses on undue delay and prejudice in considering Zhuang's motion to amend.

As noted above, on January 25, 2019, Zhuang timely filed her motion to amend in accordance with the Court's Scheduling Order entered on November 20, 2018. She filed the motion on the date originally set by the Court, despite the fact that the Court later extended the deadline for all motions to amend until February 8, 2019. *See* Letter Order of 1/22/2019; Docket Entry No. 40. Further, prior to filing the motion to amend, Zhuang reached out to EMD seeking

its consent to her proposed amendments. Zhuang made this request to EMD just over a month after the Court's initial scheduling conference.

The Court would be hard-pressed to find that any litigant unduly delayed in moving to amend when the motion was made in accordance with the Court's Scheduling Order. Indeed, such a motion is *de facto* timely. However, it is even more evident that there was no undue delay here when Zhuang not only timely filed her motion to amend, but, over a month prior to filing the motion and just a month after the Court's initial scheduling conference, notified EMD of her desire to amend, providing EMD with her proposed amendments and the bases for same. Had EMD promptly informed Zhuang that it would not consent to her request to amend, Zhuang could have filed the motion sooner. EMD did not. The Court finds that Zhuang did not unduly delay in pursuing her motion to amend under the circumstances presented here.

EMD also argues that it would be unduly prejudiced if Zhuang is permitted to amend her Complaint at this juncture. In this regard, EMD argues that Zhuang had all facts pertinent to her proposed amendments at the time she initially filed suit, but failed to include her proposed retaliation claims in her original Complaint or Amended Complaint. EMD further argues that Zhuang's proposed amendments will expand the scope of discovery and notes that only two months of fact discovery remain. EMD contends that if Zhuang is permitted to amend her Complaint, it will be "forced to incur the burden and expense of cramming into two months discovery about two new claims that could have been included in the initial filing or first amendment and would be deprived of the ability to sufficiently and effectively address those claims." (Def. Opp. Br. at 6; Docket Entry No. 43). EMD further argues that Zhuang's proposed amendments would "drag the parties back to the initial pleading stage in a long-pending case where only a couple of months remain in the discovery schedule." (*Id.*)

The Court, however, is not persuaded by EMD's broad allegations of harm. EMD provides no specifics regarding the extent discovery would be expanded if Zhuang is permitted to pursue her retaliation claims. Nor does EMD attempt to define the burden or expense it anticipates incurring if Zhuang is allowed to add her retaliation claims. Further, at this juncture, there is no reason to believe that the parties will have to "cram" to complete fact discovery by the May 3, 2019 deadline. The Court appreciates that an extension of that deadline will likely be necessary. However, this matter was less than a year old when Zhuang sought to file a Second Amended Complaint and the discovery end date has not passed nor has it previously been extended. Indeed, it appears that paper discovery is still ongoing. No assertion has been made that depositions have commenced or would have to be duplicated if Zhuang's proposed amendments were allowed. A short extension now will in no way place and unfair burden on EMD. Under the circumstances presented, EMD's conclusory assertions of prejudice are insufficient to overcome the liberal amendment standard set forth in Rule 15(a).

### III. Conclusion

For the reasons stated above, Zhuang's motion to file a Second Amended Complaint is GRANTED. An appropriate Order follows.

Dated: April 8, 2019

                                         s/ Tonianne J. Bongiovanni
                                  **HONORABLE TONIANNE J. BONGIOVANNI**
                                  **UNITED STATES MAGISTRATE JUDGE**