# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HONG ZHUANG,<br><br>        Plaintiff,<br><br>v.<br><br>EMD PERFORMANCE MATERIALS CORP.,<br><br>        Defendant. | Civil Action No. 18-1432 (BRM)<br><br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

    This matter comes before the Court upon a motion to amend by Plaintiff Hong Zhuang ("Plaintiff"), who is seeking to add a new cause of action alleging perceived disability discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 ("NJLAD"). Defendant EMD Performance Materials Corp. ("EMD") opposes Plaintiff's motion. The Court has fully reviewed all arguments raised in favor of and in opposition to Plaintiff's motion to amend her Complaint. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is GRANTED.

## I. Factual Background

    The parties and the Court are familiar with this matter. As a result, the facts of this case are not restated at length herein. Instead, only those facts relevant to the pending motion to amend are discussed.

    This is an employment discrimination matter involving Plaintiff's claims that she was harassed during her employment at EMD and unfairly terminated by the company on April 3, 2017. Plaintiff filed her original Complaint against EMD on February 8, 2018. (Docket Entry No. 1). She amended that Complaint as of right on April 2, 2018 after EMD moved to dismiss her original

Complaint. (*See* Docket Entry Nos. 7 & 11). EMD moved to dismiss Plaintiff's Amended Complaint on April 16, 2018. (Docket Entry No. 13).

The District Court granted in part and denied in part EMD's motion to dismiss. Opinion and Order of 8/10/2018; Docket Entry Nos. 24 & 25. Thereafter, on August 24, 2018, EMD filed its Answer to Plaintiff's Amended Complaint. (Docket Entry No. 28).

On August 27, 2018, the Court entered an Order setting the initial scheduling conference for November 19, 2018. (Docket Entry No. 29). The Court held the initial scheduling conference as scheduled and, on November 20, 2018, entered a Scheduling Order, which memorialized the case management schedule discussed at the conference. Docket Entry No. 38. In same, among other deadlines, the Court set January 25, 2019 as the deadline for any motions to amend the pleadings and/or join new parties. (*See Id.*)

Approximately one month after the Court entered its Scheduling Order, Plaintiff contacted EMD seeking consent to her request to file a Second Amended Complaint. (*See* Plaintiff's Motion for Leave to File Second Amended Complaint at 1, Docket Entry No. 41; Plaintiff's Reply Br. at 9-10, Docket Entry No. 45). While EMD requested that Plaintiff provide it with the reasons for her proposed amendment as well as an opportunity to review the amendments, after receiving same, it never indicated whether it would consent to Plaintiff's proposed amendments. As a result, on January 25, 2019, Plaintiff formally moved for leave to file a Second Amended Complaint. The Court granted Plaintiff's motion on April 8, 2019. Mem. Opinion and Order of 4/8/2019; Docket Entry Nos. 47 & 48. In its Order, the Court also directed the parties to submit a proposed revised schedule by May 3, 2019. Order of 4/8/2019. That deadline was later extended to May 10, 2019.

On May 9, 2019, counsel entered an appearance on behalf of Plaintiff. (Notice of Appearance of 5/9/2019; Docket Entry No. 55). Until that time, Plaintiff had been representing herself *pro se*. On May 10, 2019, counsel requested an additional extension to submit the proposed revised schedule. (Letter from Jonathan I. Nirenberg to Hon. Tonianne J. Bongiovanni of 5/10/2019; Docket Entry No. 58). The Court granted that request and set May 17, 2019 as the

deadline for the parties' submission. Letter Order of 5/10/219; Docket Entry No. 59. The parties submitted their proposed revised schedule, and, on May 21, 2019, the Court entered an Amended Scheduling Order. (Docket Entry No. 62). The Amended Scheduling Order entered by the Court did not contemplate additional motions to amend being filed. However, on May 21, 2019, Plaintiff requested that the Amended Scheduling Order be further amended to extend Plaintiff's deadline to amend the Complaint so that she could pursue a claim for perceived disability discrimination in violation of the NJLAD. (Letter from Jonathan I. Nirenberg to Hon. Tonianne J. Bongiovanni of 5/21/2019 at 2; Docket Entry No. 63). Plaintiff recognized that her request was being made out of time and, therefore, good cause would be needed for the schedule to be adjusted. (*Id*.) Plaintiff also noted that EMD intended to oppose Plaintiff's motion. (*Id*.)

The Court granted Plaintiff's request to modify the Amended Scheduling Order and set June 21, 2019 as the deadline for Plaintiff's proposed motion to amend. Text Order of 5/23/2019; Docket Entry No. 65. Plaintiff filed her motion to amend on June 7, 2019. (Docket Entry No. 66). As noted above, in her proposed Amended Complaint, Plaintiff seeks to add a new cause of action for perceived disability discrimination under the NJLAD.

EMD raises several objections to Plaintiff's motion. In this regard, EMD argues that the motion should be disallowed because it is untimely, as the deadline for filing motions to amend the pleadings expired three months ago. (Def. Opp. At 3, 8-9; Docket Entry No. 67). EMD also notes that the information supporting Plaintiff's proposed new claim was provided to her six months ago. (*Id*. at 3). EMD claims that Plaintiff's request to amend now is indicative of undue delay based on when she obtained the evidence underlying her proposed perceived disability discrimination claim. Further, EMD argues that Plaintiff should not be afforded any leniency based on her previous *pro se* status. (*Id*. at 4-5). Indeed, EMD disputes the notion that Plaintiff was proceeding *pro se*, arguing that she had been receiving legal counsel for some time. (*Id*. at 5). To support this notion, EMD points to an email from when Plaintiff was purportedly proceeding *pro se* in which Plaintiff's now retained counsel identified themselves as being "outside counsel." (Def.

3

Ex. B; Docket Entry No. 67-2). In addition, EMD contends that Plaintiff's proposed new claim is futile based on Plaintiff's failure to exhaust certain administrative remedies. (Def. Opp. At 8). EMD likewise contends that the proposed amendment is futile based on the passing of the two-year statute of limitations for NJLAD claims. (*Id*. at 7). In this regard, EMD contends that Plaintiff was terminated on April 3, 2017, but did not seek to add her proposed NJLAD perceived disability discrimination claim until June 7, 2019, two months after the statute of limitations ran. (*Id.*)

Plaintiff disputes EMD's objections to her motion to amend. Regarding her representation, Plaintiff maintains she received a nominal amount of assistance from counsel – 20 hours at most over a 14 month period of time – prior to her current attorney making an appearance in this matter. (Pl. Reply at 5; Docket Entry No. 68). Moreover, Plaintiff argues that there is no basis on which to deny her motion to amend. With respect to undue delay, Plaintiff notes that her motion was filed on June 7, 2019, prior to the June 21, 2019 deadline for motions to amend the pleadings. (*Id*. at 4). In addition, Plaintiff argues that even if being filed within the deadline set by the Court was insufficient to establish the timeliness of her motion, the fact that her proposed new claim is related to the claims already being litigated and would not require substantial additional discovery establishes that there is no undue delay here. (*Id*.). Further, Plaintiff argues that her proposed NJLAD perceived disability discrimination claim is not futile. In this regard, Plaintiff contends that there is no requirement to exhaust administrative remedies under the NJLAD. (*Id*. at 6-7). In addition, Plaintiff argues that her proposed claim is not time barred based on the applicable statute of limitations both because it is timely under the discovery rule and because, even if the discovery rule does not apply, her proposed amendment relates back to her existing wrongful termination claims. (*See Id*. at 7-11).

## II. Analysis

### 1. **Standard of Review**

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long*, 393 F.3d at 400. Delay alone, however, does not justify denying a motion to amend. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984).

Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Where futility is asserted on the basis of the alleged expiration of the applicable statute of limitations, the Court considers the relation back doctrine set forth in Rule 15(c). Pursuant to Rule 15(c)(1)(B), "[a]n amendment relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Courts in this District have recognized that the NJLAD permits use of the relation-back doctrine and that this doctrine should be construed liberally. *See Coley v. Hall*, Civil Action No. 17-5585 (MAS) (DEA), 2018 WL 4491176, *4-5 (D.N.J. Sep. 19, 2018).

2. **Discussion**

EMD opposes Plaintiff's request to add a perceived disability discrimination claim under the NJLAD on two main grounds: undue delay and futility. The Court considers each in turn. Here, Plaintiff's motion was timely filed pursuant to the Court's most recent scheduling order, which extended the deadline to move to amend until June 21, 2019. Text Order of May 23, 2019; Docket Entry No. 65. Given Plaintiff's compliance with the deadline set by the Court, absent unusual circumstances, the Court would be hard-pressed to find the current motion to be a byproduct of undue delay.

The Court is aware that Plaintiff received the information underlying her proposed amendment approximately 6 months prior to when she moved to amend. The Court is also, however, aware that at that time Plaintiff was proceeding *pro se*. While she received limited help from an attorney during that time, the Court finds that by and large Plaintiff was operating without the assistance of counsel. Furthermore, while 6 months is not a *de minimus* lapse in time, it is also not *per se* significant. The Court considers the delay in the context of the case and the impact it would have on EMD and the Court. Here, absent noting the delay between when Plaintiff received the information underlying her proposed perceived disability discrimination claim and when she moved to amend, EMD does not explain how it would be burdened by Plaintiff's proposed amendment if it were allowed to proceed. The Court notes that the parties are still in

discovery and no depositions have occurred yet int his case.  Moreover, it does not appear that the addition of Plaintiff's proposed new claim would require substantial additional discovery.  As noted above, delay alone is insufficient to result in the denial of a request to amend.  Further, the Court finds no reason to deny the motion based on the impact it would have on either EMD or the Court.

In light of the fact that Plaintiff's request to amend is not the product of undue delay, the Court examines whether Plaintiff's proposed amendment is futile.  In this regard, despite EMD's conclusory argument to the contrary, it does not appear that Plaintiff was required to exhaust administrative remedies before pursuing her perceived disability discrimination claim.  Indeed, as Plaintiff argues, "the LAD expressly states that '[a]ny complainant may initiate suit in Superior Court under this act **without first filing a complaint with the division** [on Civil Rights] or any municipal office.'"  (Pl. Reply at 6-7 (quoting N.J.S.A. § 10:5-13 (emphasis added))); *see Weisberg v. Realogy Corporation, NRT LLC*, Civil Action No. 12-30 (JLL), 2012 WL 983727, *3 (D.N.J. March 22, 2012) (stating that "the NJLAD does not have an exhaustion of remedies requirement.")

Further, while it does appear that Plaintiff's proposed claim may be two months too late based on the NJLAD's applicable two-year statute of limitations, that deficiency can be overcome. Here, Plaintiff argues that both the discovery rule and the relation back doctrine render her proposed perceived disability discrimination claim viable.  The Court first examines the relation back doctrine.  As noted above, pursuant to Rule 15(c)(1)(B), "[a]n amendment relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Here, Plaintiff's proposed perceived disability discrimination claim under the NJLAD certainly arises out of the same conduct, transaction, or occurrence set forth in Plaintiff's original

employment discrimination Complaint. As a result, the two-year statute of limitations does not render her proposed amendment futile.[1]

**III. Conclusion**

For the reasons stated above, Plaintiff's motion to file a Third Amended Complaint is GRANTED. An appropriate Order follows.

Dated: July 10, 2019

                                             s/ Tonianne J. Bongiovanni
                                       **HONORABLE TONIANNE J. BONGIOVANNI**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[1] In light of the Court's determination that the relation back doctrine applies, the Court does not reach the issue of whether the discovery rule also applies.